IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
DIVISION
Case No. 4:12-cv-00221-BO

| | |
|---|---|
| BILLY MORRIS BODDIE, ) | |
| SSN: xxx-xx-6880 ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| Defendant. ) | |

Plaintiff's counsel has moved for attorney's fees and costs pursuant to the Equal

Access to Justice Act (EAJA), 28 U.S.C. § 2412. For the reasons stated herein, the

plaintiff's motion is GRANTED.

## DISCUSSION

The Equal Access to Justice Act provides that parties who prevail in litigation

against the United States are entitled to payment for reasonable attorney's fees unless the

United States was "substantially justified" in its litigatory position. 28 U.S.C. §

2412(d)(1)(A). In order to establish eligibility for an award under the act, the claimant

must show that she is (i) the prevailing party; (ii) that the government's position was not

substantially justified; (iii) that no special circumstances make an award unjust, and (iv)

that the fee application was submitted to the court within thirty days of final judgment

and was supported by an itemized statement. See, Crawford v. Sullivan, 935 F.2d 655,

656 (4th Cir. 1991). Where, as here, the district court ruled in favor of the plaintiff by

remanding the matter to the ALJ, the plaintiff is the "prevailing party." See, Shalala v. Schaefer, 509 U.S. 292, 300-302 (1993).

"Once a party establishes prevailing party status, the burden shifts to the Commissioner to demonstrate that his position in the underlying litigation was substantially justified." Dixon v. Astrue, No. 5:06-cv-77-JG, 2008 WL 360989 at *2 (E.D.N.C. Feb 8, 2008)(citations omitted). Substantial justification analysis examines "whether the government acted reasonably in causing the litigation or in taking a stance during the litigation" from the "totality of the circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993). Here, the Court finds that there is no reason that an award of fees in this case would be unjust. As such, the Court finds in favor of the Plaintiff on eligibility requirements (ii) and (iii).

Finally, the Court considers the procedural aspects of eligibility. Judgment was entered in this matter on October 28, 2013. The government had sixty days to appeal that judgment pursuant to Federal Rule of Appellate Procedure 4(a). When the government failed to appeal this Court's judgment it became a final judgment and the claimant had thirty days from that date to file a petition for attorney's fees under EAJA. The plaintiff filed a petition for fees on January 2, 2014 – within the proper time frame. Additionally, the plaintiff's motion was accompanied by an itemized statement supporting the fees requested and a statement that plaintiff's net worth is less than $2,000,000.00. Plaintiff has requested $3,049.37in fees and $350.00 in costs.

Having considered the EAJA's eligibility requirements the Court grants the plaintiff's motion.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion is granted and the plaintiff is granted fees in the amount of $3,049.37and costs in the amount of $350.00 pursuant to EAJA.

SO ORDERED.

This is the 5 day of February 2014.

Terrance W. Boyle
UNITED STATES DISTRICT JUDGE